IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PERRY ROSE,

                Plaintiff,                CV-09-306-ST

     v.                                FINDINGS AND
                                          RECOMMENDATION

MISS PACIFIC LLC, PACIFIC FISHING LLC,
F/V MISS PACIFIC, ON 621170,

                Defendants.

STEWART, Magistrate Judge:

      Plaintiff, a Washington resident, is a seaman who suffered a knee injury on November 5, 2008, while performing crew work on the vessel F/V MISS PACIFIC, ON 621170 while it was moored in Oregon. The vessel is owned and operated by defendant Miss Pacific, LLC, a wholly owned subsidiary of defendant Pacific Fishing, LLC.

///

///

1 - FINDINGS AND RECOMMENDATION

Plaintiff initially filed this action on December 26, 2008, in the Western District of Washington seeking to recover damages from defendants based on negligence and for maintenance, cure and unearned wages pursuant to the Jones Act and general maritime law. He served defendants' registered agents in Oregon on January 6, 2009. As Oregon limited liability companies that do not transact business in Washington, Miss Pacific, LLC, and Pacific Fishing, LLC, move to dismiss the action for lack of personal jurisdiction and on other grounds. Because that motion disclosed that Miss Pacific, LLC, had a registered agent in Washington, plaintiff reserved that defendant in Washington on February 26, 2009. On March 9, 2009, the Western District of Washington granted defendants' motion in part based on lack of personal jurisdiction and transferred the case to this court.

Now defendants Miss Pacific, LLC, and Pacific Fishing, LLC, have filed a Motion for Costs Under RCW 4.28.185(5) (docket #46), seeking an award of attorney fees in the sum of $16,293.00 incurred in the Western District of Washington. For the reasons set forth below, that motion should be denied.

## FINDINGS

Having prevailed on the motion to dismiss based on lack of personal jurisdiction, defendants seek an award of attorney pursuant to RCW 4.28.185(5) which provides as follows:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

Plaintiff responds that this statue does not apply to a matter arising under federal law in a federal court. Even if it did, he also argues that: (1) neither defendant was a "prevailing party"

because the case was transferred, not dismissed; (2) the Western District of Washington had personal jurisdiction over both defendants; and (3) defendant Miss Pacific, LLC, was served in the state of Washington prior to issuance of the order of transfer. Finally, he argues that the court should exercise its discretion not to award any fees because: (1) defendants did not advise the Western District of Washington of the applicable law; (2) defendants failed to take prompt steps to moot the out-of-state issue as to Miss Pacific, LLC; (3) the minimum contacts issue was close; (4) defendants cannot show it would cost more to litigate in Washington; (4) plaintiff is an impecunious seaman and ward of this court; and (5) the amount of fees requested is excessive.

I. **Whether the Statute Applies**

    A. **Federal Question Jurisdiction**

Plaintiff contends that RCW 4.28.185(5) does not apply to this case because it is premised solely on original federal jurisdiction, 28 USC § 1331, and not on diversity jurisdiction, 28 USC § 1332. This court agrees.

In cases arising under original federal jurisdiction, federal law applies to both substantive and procedural matters. *See S. Pac. Co. v. Jensen*, 244 US 205 (1917). This includes the manner and timing of service of process. *Henderson v. United States*, 517 US 654, 656 (1996). In contrast, in diversity cases, state law applies to substantive or outcome determinative matters and federal law applies to procedural matters, including service of process rules. *Hanna v. Plumer*, 380 US 460 (1965); *Guaranty Trust Co. of N.Y. v. York*, 326 US 99, 109 (1945); *Erie R.R. Co. v. Tompkins*, 304 US 64 (1938). Since this is not a diversity case, both federal substantive and procedural law apply, including service of process rules.

3 - FINDINGS AND RECOMMENDATION

Service of process on the defendant corporations in this case is governed by FRCP 4(h) which requires service :

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; . . .

The manner of service prescribed by FRCP 4(e)(1) on an individual may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Plaintiff personally served the registered agents of both Miss Pacific, LLC, and Pacific Fishing, LLC, in Oregon, and also later served the registered agent of Miss Pacific, LLC, in Washington. The record does not reveal whether the summonses were required to be mailed and whether they were mailed to the registered agents. Therefore, it is not clear whether service complied with FRCP 4(h)(B) or instead complied with FRCP 4(h)(B) by following Washington and/or Oregon law under FRCP 4(e)(1). In any event, by serving them in Oregon, defendants contend that plaintiff necessarily invoked the long-arm jurisdiction of Washington and, thus, is subject to all of its procedural requirements, including the attorney's fee provision. This contention inappropriately conflates the service of process rules with the personal jurisdiction requirement.

Any judgment rendered by a court lacking personal jurisdiction that purports to impose personal obligations on a defendant violates the constitutional requirements of due process of law. *Burnham v. Super. Ct. of Cal.*, 495 US 604, 608-10 (1990). In order to satisfy the

constitutional requirements of due process, the defendant must have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*, 326 US 310, 316 (1945) (internal quotes and citation omitted). With few statutory exceptions, federal courts have no broader personal jurisdiction over persons outside the state in which they are located than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 US 97, 104-05 (1987). In other words, they cannot assert jurisdiction over defendants who lack sufficient contacts with the forum state. As a result, federal courts analyze personal jurisdiction by looking to the forum state's long-arm statute. FRCP 4(k)(1)(A) (the service of summons "establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; . . ."). The effect of a long-arm statute is to allow both state and federal courts to exercise personal jurisdiction on any basis consistent with state law to the outer limits of constitutional due process.

However, service of process is a distinct and separate concept from the court's personal jurisdiction over the defendant. "The familiar 'minimum contacts' test, coupled with statutory authorization, provides a *basis* for an exercise of jurisdiction, but service of process is the . . . means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504 F3d 1130, 1138 (9th Cir 2007) (emphasis in original) (internal quotations, alteration, and citation omitted). "Service of process has its own due process component, and must be 'notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id* (citation omitted). In addition to adequate notice,

5 - FINDINGS AND RECOMMENDATION

due process requires that the court have a constitutionally sufficient basis to exercise personal jurisdiction over the defendant. Consequently, personal service of summons within the forum state satisfies both the service and personal jurisdictional requirements. However, with any other method of service, "minimum contacts" must exist between the defendant and the forum state to establish a sufficient basis for exercising personal jurisdiction over that defendant. In that respect, and only in that respect, does the forum state's long-arm statute become relevant.

The Western District of Washington properly referenced Washington's long-arm statute in order to render a "minimum contacts" ruling consistent with the extent of personal jurisdiction under that statute, citing *Cognigen Networks, Inc. v. Cognigen Corp.*, 174 F Supp2d 1134, 1137 (WD Wash 2001). Hence, plaintiff's compliance with the manner of serving process under RCW 4.28.185(1) - (4) relates to satisfying substantive due process for the purpose of establishing personal jurisdiction, not to submitting to state procedural requirements. While federal courts in Washington must defer to Washington's long-arm statute regarding substantive due process, there is no constitutional or other federal law also requiring acquiescence to the procedural requirements of that statute.

This is especially true with respect to state procedural statutes governing the award of attorney's fees. While a federal court sitting in diversity applies the forum state's law on attorney fee awards, *see Kona Enters., Inc. v. Estate of Bishop,* 229 F3d 877, 883 (9th Cir 2000), a federal court hearing a case based on a federal question is not bound by a state procedural rule. Instead, "[i]n the United States, the prevailing party ordinarily is not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 US 240, 247 (1975). Consequently, RCW 4.28.185(5) does not require this court exercising federal question

6 - FINDINGS AND RECOMMENDATION

jurisdiction to award attorney's fees to defendants. *See Castillo v. Frito-Lay, Inc.*, 2006 WL 1518868, *1 (WD Wash May 26, 2006) (denying an award of attorney fees under RCW 4.84.250).

To support their position, defendants cite an unpublished Ninth Circuit decision which approved an award of attorney fees under RCW 4.28.185(5). *Confeccoes Texteis de Vouzela, Lda. v. Space Tech Sys. Inc.*, 968 F2d 1220, 1992 WL 161061 (9th Cir 1992). However, even if that case had any precedential value, it is distinguishable from this case because it was based on diversity, not federal question, jurisdiction. *Id*, *2 ("'In a diversity case, the availability of attorneys' fees is governed by state law.'" (citation omitted)).

Accordingly, this court finds that RCW 4.28.185(5) does not apply to defendants who are personally served outside Washington and prevail on an action filed in federal court in Washington when jurisdiction is based on the existence of a federal question.

### B. Other Arguments

Even if RCW 4.84.185(5) applied, plaintiff makes a number of other arguments why this court should not award attorney fees to defendants. In the event that a district judge disagrees with this court's finding that defendants are not entitled to an award of attorney fees under RCW 4.84.185(5), it will address some of these remaining arguments.

One argument is that defendants did not prevail in the action because the case was transferred, and not dismissed. However, as held in *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wash2d 109, 112-14, 786 P2d 265, 267-68 (1990), "prevails in the action" under RCW 4.84.185(5) means "prevails jurisdictionally," not "prevails on the merits." Although the Western District of Washington did not dismiss this case, it did find that it lacked personal

7 - FINDINGS AND RECOMMENDATION

jurisdiction over defendants.  Therefore, defendants prevailed with respect to the issue of jurisdiction.

Another argument by plaintiff is that Miss Pacific, LLC, does not qualify for an award of attorney fees because it was served in Washington before issuance of the transfer order.  However, plaintiff initially served Miss Pacific, LLC, in Oregon.  Although plaintiff subsequently served that defendant in Washington, the fact remains that Miss Pacific, LLC, was "personally served outside the state," providing it with a basis to file a motion to dismiss for lack of personal jurisdiction.  As long as it was reasonable to file that motion, then Miss Pacific, LLC, would be entitled to recover attorney fees under RCW 4.28.185(5) for doing so.  However, when Miss Pacific, LLC, filed that motion, it knew that plaintiff could easily acquire personal jurisdiction over it in Washington by serving its registered agent in Washington.  Why it nonetheless bothered to contest jurisdiction in Washington is a mystery.  Under those circumstances, this court should exercise its discretion not to award any attorney fees to Miss Pacific, LLC.

Plaintiff also argues that he was entitled to file suit in either Oregon or Washington since both states have concurrent jurisdiction over his action, citing *W.J. Jones & Sons, Inc. v. Stocker*, 271 F Supp 437, 438 (D Or 1967).  In that case, this court held that it had concurrent jurisdiction with Washington to enforce a compensation award for a longshoreman who had been injured aboard a vessel in Washington on the Columbia River.  *Also see Smith v. State of Wash.*, 64 Wash2d 323, 328-29, 391 P2d 718, 722 (1964).  Given that plaintiff was injured while the vessel was docked in Warrenton, Oregon, defendants claim that concurrent jurisdiction of Oregon and Washington over the Columbia River has no relevance.  Regardless of whether the federal court

8 - FINDINGS AND RECOMMENDATION

in Washington correctly concluded that it lacked personal jurisdiction, this court should not reconsider that decision in the guise of deciding the attorney fee issue. Plaintiff also faults defendants for not bringing this law concerning concurrent jurisdiction to the attention of the federal court in Washington. However, plaintiff is just as much at fault for that omission as defendants.

## II.     Amount of Fees

Finally, plaintiff also points out that an attorney fee award under RCW 4.28.185(5) must be limited to "an amount necessary to compensate [the out of state defendant] for the added litigative burdens resulting from the plaintiff's use of the long-arm statute." *Scott Fetzer Co.*, 114 Wash2d at 120, 786 P2d at 271. For that reason, some courts have denied the award of attorney fees under RCW 4.18.185(5):

> There can be no question but that the Aliotos have been subjected to a lengthy and expensive litigation; but there is nothing to indicate that these factors were affected by the location of the forum. Had the trial been conducted in the Aliotos' domicile, the expense may well have been greater, since most of the witnesses resided in Washington and the evidence was located here. There is actually no serious contention that the defense of the suit was more expensive in the state of Washington than it would have been in California.

*State v. O'Connell*, 84 Wash2d 602, 606-07, 528 P2d 988, 991 (1974); *see also Payne v. Saberhagen Holdings, Inc.*, 147 Wash App 17, 36, 190 P3d 102, 113 (2008) ("We award Viad attorney fees . . . only to the extent necessary to compensate it for any additional costs of litigating in Washington. It may be the case that this amounts to zero.")

In this regard, defendants have submitted nothing to indicate how they would have been adversely affected by plaintiff's choice of forum in Washington. Although the Western District

9 - FINDINGS AND RECOMMENDATION

of Washington concluded that defendants did not purposefully avail themselves of the privilege of conducting business in Washington or engage in activities in Washington related to plaintiff's injuries, it did acknowledge plaintiff's argument that Washington would be a more convenient forum for both parties since all the plaintiff's witnesses (including the Captain and crew of the vessel and plaintiff's medical providers) reside in Washington.  In fact, the sole member of Pacific Fishing, LLC, resides in Washington.  However, the court also noted that the witnesses reside in locations that are an equal distance from, if not closer, to Portland than to Tacoma. Given the distances involved, it is difficult to conceive how leaving this case in Washington would increase defendants' litigation costs.  In fact, even after this case was transferred to this court, defendants continue to be represented by attorneys from Seattle which would presumably increase the cost of litigating in Oregon rather than Washington.

"One obvious purpose of the long-arm statute's fees provision is to compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction. . . . Another is to deter plaintiffs from invoking long-arm jurisdiction as means to harass foreign defendants." *Scott Fetzer Co.*, 114 Wash2d at 122 & n6, 786 P2d at 272 & n6.  Neither of those purposes appear to be served here by an attorney fee award to defendants.  Accordingly, even if defendants were entitled to an award of fees under RCW 4.28.185(5), this court should exercise its discretion to award them nothing.

///

///

///

10 - FINDINGS AND RECOMMENDATION

## **RECOMMENDATION**

Defendants' Motion for Costs Under RCW 4.28.185(5) (docket #46) should be DENIED.

## **SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due June 8, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 21st day of May, 2009.

                                              __/s/ Janice M. Stewart_____
                                              Janice M. Stewart
                                              United States Magistrate Judge